IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL INSURANCE CO., | : | |
|     Plaintiff | : | Civil Action No. 1:06-CV-991 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| DENTSPLY INTERNATIONAL, INC., | : | |
|     Defendant | : | |

### MEMORANDUM

Before the Court is Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(7), the doctrine of forum non conveniens, or in the alternative, to dismiss or stay the action pending resolution of a parallel state-court action. (Doc. No. 5.) The motion is ripe for disposition, and for the following reasons the Court will grant Defendant's motion.

**I.   BACKGROUND**

    **A.   Factual Background**

Federal Insurance Co. ("Federal") brought this action for declaratory judgment against Dentsply International Inc. ("Dentsply") to clarify the scope of duties owed under the excess-insurance policies that Federal issued to Dentsply. Federal is an Indiana corporation with its principal place of business in New Jersey. Dentsply is a Delaware corporation with its principal place of business in York, Pennsylvania. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

        **1.   The underlying claim for coverage**

In 1995, Dentsply began selling a resin-reinforced glass-ionomer cement called "Advanced Cement," which dentists and other dental professionals used to permanently affix

crowns, bridges, and other dental work. On March 27, 2002, dentist Bruce Glover, D.D.S., acting on behalf of himself and other dental professionals in California, filed a class-action suit against Dentsply in California state court ("the Glover action"), essentially alleging that Advanced Cement did not work as advertised. The amended complaint in the Glover action includes seven counts: (1) Breach of Implied Warranty of Fitness for Particular Purpose; (2) Breach of Implied Warranty of Merchantability; (3) Breach of Express Warranties; (4) Violation of Unfair Practices Act; (5) Fraudulent Concealment; (6) Negligent Misrepresentation; and (7) Violation of the Song Beverly Consumer Warranty Act. The class action specifically excludes "persons who have suffered personal injuries as a result of the matters alleged in the Glover complaint." (Compl. ¶ 16.)

On May 1, 2003, Dentsply tendered the Glover complaint to its insurers, Travelers Indemnity Co. ("Travelers") and Federal. Travelers allegedly agreed to defend Dentsply in the Glover action, but reserved its right to deny indemnification. In a letter dated May 12, 2003, Federal denied any obligations to defend or indemnify Dentsply for the claims in the Glover complaint. Dentsply then notified Federal in writing that it expected "full and complete coverage from its insurers for any loss in excess of the Travelers primary policy covering May 1, 1994 to May 1, 1995 for the Glover Complaint." (Compl. ¶ 30.) On May 15, 2006, Federal filed the instant declaratory-judgment action in this Court.

  **2.  Dentsply's insurance coverage**

From May 1, 1994, to May 1, 1999, Travelers provided annual, general-commercial-liability coverage to Dentsply. Travelers' policies insured Dentsply against "bodily injury" and "property damage" claims. (Compl. ¶ 22.) Travelers' liability exposure was limited to $1

million per "occurrence" and $2 million in the aggregate for claims covered under each insurance policy. (Compl. ¶ 20.) Additionally, the Travelers' policies provided that "[t]his insurance is primary . . . . [and] our obligations are not affected unless any of the other insurance is also primary." (Compl. Exh. B, at 36.)

Federal provided annual, excess-insurance coverage to Dentsply from May 1, 1994, to May 1, 1998. Federal's policies provided "follow form" coverage of $25 million in excess of the Travelers' policies, as defined in the following provision:

> Under Coverage A [the excess policy], we will pay on behalf of the insured, that part of loss covered by this insurance in excess of the total applicable limits of underlying insurance [Travelers], provided the injury or offense takes place during the Policy Period of this policy. The terms and conditions of the underlying insurance are with respect to Coverage A made a part of this policy, except with respect to:
>
> A.   any contrary provision contained in this policy; or
>
> B.   any provision in this policy for which a similar provision is not contained in underlying insurance.
>
> With respect to the exceptions stated above, the provision of this policy will apply.
>
> ***
>
> Notwithstanding anything to the contrary contained above, if underlying insurance does not cover loss, for reasons other than exhaustion of an aggregate limit of insurance by payment of claims, then we will not cover such loss.

(Compl. ¶ 25.)

The Federal policies also included an "other insurance" clause, which provided:

> If other insurance applies to claims covered by this policy, the insurance under this policy is excess and we will not make any payments until the other insurance has been exhausted by payment of

>       claims.   This insurance is not subject to the terms or conditions of
>       any other insurance.

(Compl. ¶ 26.)

In the Schedules of Underlying Insurance, Federal's policies identified Travelers as the underlying Commercial General Liability insurer.  (Compl. Exhs. F-J.)

### B.     Procedural Background

On May 15, 2006, Federal initiated this action against Dentsply in this Court.  Federal seeks two counts of declaratory relief.  In count one, Federal seeks a declaratory judgment that it owes no duty to indemnify Dentsply for the claims asserted in the Glover complaint; to put it another way, Federal argues that its policy has not been triggered.  In count two, Federal seeks an alternative declaratory judgment that it owes no duty to indemnify Dentsply until the total limits of underlying insurance policies are exhausted.

On June 14, 2006, Dentsply filed a lawsuit in California state court (the "California action"), seeking a declaration that Federal owes a duty to indemnify.  The California action also includes Travelers and Glover (the underlying class-action plaintiff) as defendants.  On the same day, Dentsply filed the instant motion to dismiss.[1]  (Doc. No. 5.)

The parties filed briefs (Doc. Nos. 11, 17, 18, 28, 31), and the Court heard oral argument on the motion on November 20, 2006.  The motion is ripe for disposition.

---

[1] After Dentsply filed the motion in this Court, Federal filed a motion to dismiss in the California action on August 3, 2006, invoking the forum non conveniens doctrine and alternatively seeking to stay the case pending resolution of the action in this Court.  The California court denied Federal's motion.  The California Court of Appeals and California Supreme Court thereafter denied review of Federal's petitions for a writ of mandate.

## II.     DISCUSSION

Defendant Dentsply has moved to dismiss Plaintiff's complaint on three grounds. First, Dentsply contends that dismissal is required under Federal Rules of Civil Procedure 12(b)(7) and 19 because Federal has not joined Travelers as a party to this action. Second, Dentsply invokes the doctrine of forum non conveniens as a basis for dismissal. Third, Dentsply seeks to dismiss or, alternatively, to stay the action pursuant to the Supreme Court's decision in Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). The Court will address each in turn.

### A.     Joinder under Federal Rule of Civil Procedure 19(a)

Dentsply argues that this Court should dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(7) because Federal failed to join Travelers as a party required under Rule 19. Federal counters that Travelers' absence does not warrant dismissal because Federal and Travelers have separate, independent obligations to Dentsply. Federal argues that even if joinder of Travelers is required, dismissal is inappropriate because ordering joinder would not defeat this Court's subject-matter jurisdiction.[2]

Rule 19 establishes a three-part inquiry that a court must undertake before dismissing an action for failure to join a party. 4 James Wm. Moore et al., Moore's Federal Practice § 19.02[3] (3d ed. 2006). First, the Court must determine whether an absent party is "necessary" under Rule 19(a).[3] Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir.

---

[2] The parties do not dispute that joinder would not defeat diversity jurisdiction and that personal service could be effected on Travelers in this district.

[3] Although the Rule does not actually use the term "necessary," courts continue to use the word, albeit "at the price of some confusion." Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 n.4 (3d Cir. 1993). Perhaps because of this confusion, Plaintiff conflates the standards for "necessary" and "indispensable" parties throughout briefing.

1993). Second, if the absent party is deemed necessary under 19(a), the Court must determine whether joinder would be "feasible." Id. If joinder of the absent (and necessary) party is feasible, the Court must order joinder. Id. If joinder is not feasible, then the Court must proceed to the third step and determine whether the absent party is "indispensable" under Rule 19(b). Temple v. Synthes Corp., 498 U.S. 5, 8 (1990) ("no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied"). If the absent party is indispensable, then dismissal is appropriate. Id.

### 1. Is Travelers a "necessary" party?

Under the first step of the Rule 19 inquiry, a person is considered a "necessary" party under Rule 19(a) if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

Reading the rule in the disjunctive, an absent party is necessary if "either (1) the present parties will be denied complete relief in the absence of the party to be joined, or (2) the absent party will suffer some loss or be put at risk of suffering such a loss if not joined." Koppers Co., Inc. v. Aetna Cas. & Sur. Co., 158 F.3d 170, 175 (3d Cir. 1998) (emphasis in original).

#### a. Can complete relief be afforded?

The first basis – whether complete relief can be afforded to the present parties – turns solely on whether this Court can grant complete relief to Federal or Dentsply in the absence of

Travelers. Thus, the Court does not consider the "effect a decision may have on the absent party." Janney, 11 F.3d at 405. Nor is "the mere fact that defendant might be required to defend multiple actions" sufficient for a finding that complete relief is unavailable "if the parties to the action can obtain meaningful relief and would not confront inconsistent judgments." Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1054 n.5 (3d Cir. 1988) (citing Field v. Volkswagenwerk AG, 626 F.2d 293, 299-302 (3d Cir. 1980)). The inquiry focuses on the nature of the relief sought, and the Court's ability to avoid granting only "partial or 'hollow' rather than complete relief to the parties before the court." Id. (quoting Fed. R. Civ. P. 19(a) advisory committee note to the amended rule).

To determine whether the Court can grant the parties complete relief in Travelers' absence, the Court will look to the relief sought by the parties and "the contract provisions which governed the [insurance] policies." Koppers, 158 F.3d at 175. In this case, Dentsply contends that complete relief cannot be afforded because "Federal's excess coverage obligation is contingent on exhaustion of Travelers' underlying primary coverage." (Doc. No. 11, at 12) (emphasis in original). A review of Federal's complaint and the policy at issue supports this contention.

Through its complaint, Federal seeks a declaration regarding its duty to indemnify Dentsply, posing two important questions. First, Federal asks this Court to determine whether the claims in the Glover complaint are "occurrences" within the meaning of the policy. Second, Federal asks this Court to rule that it "has no obligation to indemnify until the total applicable limits of underlying insurance are exhausted." (Compl. ¶ 40.) Citing to the Travelers' policy, Federal urges the Court, if it finds that property damages occurred, to find that a "separate per

7

occurrence limit applies to each of the five Travelers policies." (Compl. ¶ 39.)

Federal's policy is for follow-form coverage, which by its own terms is dependent on the obligations of Travelers. The liability of Federal is triggered only after Travelers' limits are exhausted. Whether Travelers' policy limits must first be exhausted in each policy year directly affects the Court's determination of Federal's liability. Travelers is thus a necessary party to this action because Federal's obligations cannot be decided absent the resolution of Travelers'. City of Littleton v. Commercial Union Assurance Co., 133 F.R.D. 159, 163 (D. Colo. 1990) ("The finality of any judgment as to the excess insurers' liability would be entirely contingent on judgment in a necessary, parallel state court suit between the plaintiffs and the absent insurers."); Witco Corp. v. Travelers Indem. Co., No. 93-4709, 1994 U.S. Dist. LEXIS 20781, at *21 (D.N.J. Apr. 7, 1994) ("an underlying excess-liability insurer is a necessary party to a suit in which an excess-liability insurer's policy was specifically tied to coverage under that underlying excess-liability policy").

Because Travelers is a necessary party to the litigation, the Court must determine whether joinder of Travelers would be "feasible" within the meaning of Rule 19(a).

### 2. Is joinder of Travelers feasible?

Under Rule 19(a), joinder of a party is feasible unless the party is not "subject to service of process" or if the joinder would "deprive the court of jurisdiction over the subject matter of the action." Fed. R. Civ. P. 19(a). In this case, the parties do not dispute that Travelers is subject to suit within this district and that joinder would not destroy diversity jurisdiction in this case. Accordingly, because joinder of Travelers is necessary and feasible, Federal will be directed to join Travelers file an amended complaint joining Travelers as a party in this action.

**B.     Forum non conveniens**

Dentsply's second basis for its motion to dismiss is grounded in the doctrine of forum non conveniens.  The doctrine of forum non conveniens permits a district court to exercise its discretion to dismiss a case "when an alternative forum has jurisdiction to hear a case, and when trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or when the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." American Dredging Co. v. Miller, 510 U.S. 443, 447-48 (1994) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)) (internal brackets, ellipses, and quotation marks omitted).

Application of the doctrine of forum non conveniens is directed to the discretion of the district court, Piper Aircraft Co., 454 U.S. at 257, and "[i]n deciding whether to dismiss a case for forum non conveniens, 'the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice,'" Lacey v. Cessna Aircraft Co., 862 F.2d 38, 42 (3d Cir. 1988) (quoting Koster v. American Lumbermens Mutual Cas. Co., 330 U.S. 518, 527 (1947)).  This inquiry is two-fold:

> A district court entertaining a forum non conveniens motion must first decide whether an adequate alternative forum exists to hear the case. . . .  If there is an adequate alternative forum, the district court must consider and balance several private and public interest factors that are relevant to the forum non conveniens determination.

Lacey, 862 F.2d at 43.  The "defendant bears the burden of persuasion as to all elements of the forum non conveniens analysis," id. at 43-44, and "the plaintiff's choice of forum should rarely be disturbed, unless the balance of factors is strongly in favor of the defendant," id. at 43.

The parties do not dispute that an adequate alternative forum exists to hear this case;

9

indeed, a parallel case is currently pending before a California state court. Thus, the Court must consider the various private and public factors to determine whether dismissal is appropriate. In Piper Aircraft Co., the Supreme Court listed the various private and public factors for district courts to consider when deciding forum non conveniens motions:

> The factors pertaining to the private interests of the litigants include[] the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. The public factors bearing on the question include[] the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

454 U.S. at 241 n.6 (internal citations and quotation marks omitted).

In this case, none of these factors militate strongly against proceeding in this Court. Dentsply argues that "Federal's declaratory action should be dismissed on grounds of forum non conveniens, because there is not simply an adequate but a better forum in which to decide this controversy." (Doc. No. 11, at 16.) In Dentsply's view, because California is host to the underlying class-action lawsuit, the instant litigation is better suited for California. The Court disagrees.

First, although California is home to the Glover action, there is no reason to believe that evidence relevant to this action would be more readily obtainable in another forum. The issues before this Court relate to the interpretation of an insurance agreement presumably entered into in Pennsylvania, where Dentsply operates its principal place of business. Second, although

10

Dentsply suggests that "necessary witnesses and sources of proof are in California, beyond the reach of compulsory process in this forum," (Doc. No. 11, at 17), Dentsply has proffered no evidence that such witnesses are unwilling to participate in the present litigation. Third, although Dentsply suggests that "[i]t would be less costly and burdensome for the [California] court to examine the gravamen of the underlying claims for the purpose of coverage," (Doc. No. 11, at 17), the Court finds that the relative burdens are not so significant as to upset Plaintiff's choice of forum.

At its core, this is a dispute over an insurance contract, not an extension of the class-action lawsuit in California that gave rise to Dentsply's claims. Thus, the Court will exercise its discretion to deny Dentsply's motion to dismiss under the doctrine of forum non conveniens.

### C. Wilton abstention

Dentsply's final basis for its motion to dismiss is based upon the Supreme Court's decision in Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995), which held that "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." In Wilton, the Supreme Court held that a federal district court could exercise its discretion to stay or dismiss a federal declaratory-judgment action pending resolution of a subsequently filed state-court action, id. at 290, because "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration," id. at 288.

According to Dentsply, this case should be dismissed or stayed because:

> This case raises no federal issues. It pertains to insurance coverage
> for claims asserted by California dentists under California law. The

11

> coverage issues involve simple matters of contract interpretation under state law. Dentsply has filed suit for declaratory relief in the same state court where the underlying action is pending, and has named in that action necessary parties who have been omitted here. This case, thus, presents the archetypical [sic] context in which it would be appropriate to dismiss or stay the action out of "considerations of practicality and wise judicial administration." [Wilton, 515 U.S. at 288.]

(Doc. No. 11, at 20.)

Although Dentsply is correct that no federal issues are implicated in this case, it is undisputed that this Court has jurisdiction to adjudicate Federal's claims. The parties do not seem to question that this case involves application of Pennsylvania insurance law related to an policy entered into in Pennsylvania, albeit potentially triggered by claims brought in California. But this Court finds that the mere fact that California is the forum where the Glover action is proceeding is not enough to upset Federal's choice of forum. Rather, the Court's ability to resolve the issue of Federal's obligations to Dentsply in this Court weighs against dismissal or abstention. And as discussed above, the fact that the California action includes Travelers as a party is immaterial because Travelers will be joined as a party in this action. Accordingly, the Court will exercise its discretion to deny Dentsply's motion to dismiss or stay this action pending resolution of the California action.

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion shall be granted in that Federal will be directed to join Travelers as a party in this suit. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FEDERAL INSURANCE CO.** | : | |
|     Plaintiff, | : | Civil Action No. 1:06-CV-991 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **DENTSPLY INTERNATIONAL, INC.** | : | |
|     Defendant. | : | |

## ORDER

**AND NOW**, on this 5th day of February, 2007, upon due consideration and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff shall have twenty (20) days from the date of this order to file an amended complaint joining Travelers as a party in this action.

2. If Plaintiff fails to join Travelers, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) without further notice.

3. Plaintiff's motion for partial summary judgment (Doc. No. 41) is denied without prejudice to refile.

4. The stay issued on October 19, 2006, is lifted.

5. The Clerk is directed to schedule a case management conference after Plaintiff complies with paragraph 1 of this order.

                                          s/ Yvette Kane
                                          Yvette Kane, Chief Judge
                                          United States District Court
                                          Middle District of Pennsylvania